**XIAN MING JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–2475–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Dehai Zhang, New York, NY, for Petitioner.

Donald W. Washington, United States Attorney, Western District of Louisiana, John A. Broadwell, Assistant United States Attorney, Shreveport, LA, for Respondent.

Present: JON O. NEWMAN, ROGER J. MINER and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Xian Ming Jiang, a native and citizen of China, seeks review of a May 4, 2006 order

of the BIA affirming the February 16, 2005 decision of immigration judge ("IJ") William Van Wyke denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Xian Ming Jiang*, No. A98 278 920 (B.I.A. May 4, 2006), *aff'g* A98 278 920 (Immig. Ct. N.Y. City Feb. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

While the IJ may have been unreasonable in basing his adverse credibility determination on a single discrepancy that he found "not crucial" to Jiang's claim, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000); *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), remand is required here because the IJ mischaracterized Jiang's claim and failed to acknowledge or analyze Jiang's explicitly-stated fear of future persecution, in light of the context of the IJ's own observations regarding the reasonable possibility of future sterilization or abortion on account of Jiang having two daughters. Thus, the IJ's denial of asylum is not substantially supported by the record as a whole.

Because the petitioner has failed to sufficiently argue the merits of the IJ's denial of withholding of removal and CAT relief before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).